IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL WILLIAMS BEY,          *
# 73459-509,                   *
                               *
    Petitioner,              *
                               *
vs.                            * CIVIL ACTION NO. 25-00462-JB-B
                               *
U.S. DEPARTMENT OF JUSTICE,    *
*et al.*,                      *
                               *
    Respondents.             *

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on review of Petitioner Darrell Williams's petition for a "writ of habeas corpus ad subjiciendum" (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1), S.D. Ala. GenLR 72(a)(2)(R), and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts, which are also applicable to 28 U.S.C. § 2241 habeas petitions. For the reasons set forth below, the undersigned recommends that Williams's habeas petition and this action be **DISMISSED without prejudice** for lack of jurisdiction.

## I.    <u>BACKGROUND</u>

In September 2021, a federal grand jury in the Southern District of Alabama indicted Petitioner Darrell Williams ("Williams") and charged him with conspiracy to possess with intent

to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846, and with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  United States v. Williams, Case No. 1:21-cr-00165-TFM-B (S.D. Ala.), ECF No. 1.  Williams was arraigned in December 2021 and was ordered to be detained pending trial.  Id., ECF Nos. 81, 84.  On October 27, 2022, Williams was found guilty by a jury and convicted on both charged counts.  Id., ECF No. 259.  On February 17, 2023, the district court sentenced Williams to a total of 648 months of imprisonment.  On March 6, 2023, the district court entered a judgment consistent with the pronounced sentence.  Id., ECF No. 321.

Instead of appealing his conviction or sentence, Williams filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in August 2023.  Id., ECF No. 348.  In his § 2255 motion, Williams claimed that his "detention/imprisonment" violated various articles of the "Treaty of Peace & Friendship between Morocco & the United States of America 1787, as amended 1837."  Id.  In a report and recommendation dated January 24, 2024, the undersigned found that Williams's claims were both procedurally defaulted and frivolous and recommended that his § 2255 motion be denied.  Id., ECF No. 368.  On April 24, 2024, the district judge adopted the report and recommendation, denied and dismissed Williams's § 2255 motion with prejudice, and found that Williams was not entitled to the issuance of a certificate of

2

appealability or to proceed *in forma pauperis* on appeal.  Id., ECF Nos. 379, 390.

On January 17, 2025, Williams received an executive grant of clemency from President Joseph R. Biden, Jr., which commuted his sentence of imprisonment to a term of 280 months, while leaving all other components of the sentence intact and in effect.  Id., ECF No. 449.

On November 10, 2025, Williams commenced the instant action by filing a petition seeking a "writ of habeas corpus ad subjiciendum."  (Doc. 1).  Williams did not move to proceed *in forma pauperis* or pay the $5.00 filing fee for a habeas petition as required by 28 U.S.C. § 1914.

A review of Williams's habeas petition plainly reflects that it is based on the indisputably frivolous legal theory that he enjoys sovereign status as a "Moor."  The terminology and phrases Williams uses are the type often used by those who assert claims based on the theory that they are special "sovereign citizens" who are exempt from federal, state, and/or local law.[1]  Such theories have been consistently rejected as frivolous by federal courts

---

[1] Williams attaches various documents to his petition bearing hallmarks of the sovereign citizen movement, including an "Affidavit of Truth Acceptance for Honor Correction of Record/Evidence Omission," a "Power of Attorney (limited)," a "Private Registered Bond for Performance, Payment & Investment," and an "Affidavit of Fact Accepted for Value/Request for Proof of Claim – Settlement & Closure of Escrow Account."  (See Doc. 1-1).

around the nation.   See, e.g., United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

In his petition, Williams declares he is a "Moor American National" who has been "kidnapped" and "held hostage for profit" since being arrested on federal charges in 2021.   (Doc. 1 at 4). Williams states that he "averred his identity as a Moorish American National" during his initial appearance before the district court in December 2021, but there was "a wanton disregard of [his] substantive rights protected by the United States Republic Constitution Article [Amendment] 4 of the Bill of Rights; with the lack of a lawful United States Republic Constitution 4th Article [Amendment] of the Bill of Rights warrant or an indictment under appellation Darrell Williams Bey was violated." (Id.).   Williams states that since he was ordered to be detained pending trial in December 2021, "the Moor American National was & continue to be held hostage without any due process of law, in violation of his right to face his accuser, absent a lawful sworn affidavit from an injured party."   (Id.).   Williams states that "after being trafficked to numerous hearings throughout the year 2022, a final hearing was staged in a mock trial setting with foreign persons being paid to act out their part to usurp the (body) without judicial authority per Article III sec. 2."   (Id. at 4-5). Williams states that after his "mock trial/kangaroo court," the

4

district court entered a "fraudulent judgment & pronounced detention." (Id. at 5).

Williams appears to assert that various entities, including the United States Department of Justice, the Federal Bureau of Prisons, and this Court, have violated his rights under the Fourth and Fifth Amendments to the "Constitution for the United States Republic." (Id. at 5-6). Williams also appears to contend that this Court lacked "personam & subject matter jurisdiction" to adjudicate his criminal charges. (Id. at 7-8, 10).

Williams describes the "Nature of Relief Sought" as follows: "This is a command for release of Darrell Williams Bey unharmed & with no further pursuit, all charges (fraudulently induced bonds/judgments/orders etc.) are to be dropped & completely expunged, removed & erased with prejudice for lack of personam & subject matter jurisdiction, viz, demand the immediate release of the body & liberties." (Id. at 10).

## II. **DISCUSSION**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the assigned judge "must promptly examine" the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, R. 4. "This Rule applies to § 2241 cases."

Little v. Alabama, 2022 U.S. Dist. LEXIS 137144, at *1, 2022 WL 18107087, at *1 (M.D. Ala. Aug. 2, 2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 185, 2023 WL 27866 (M.D. Ala. Jan. 3, 2023); see Rules Governing § 2254 Cases, R. 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not [filed under 28 U.S.C. § 2254].").[2]  Upon review, it plainly appears that Williams's habeas petition must be dismissed for lack of jurisdiction.

As noted previously, Williams labels his petition as a petition for a "writ of habeas corpus ad subjiciendum."  (Doc. 1 at 1; see also Doc. 1-1 at 1).  "However, a petition for writ of habeas corpus 'ad subjiciendum' is merely another name for the common law writ which was used to inquire into the cause of a person's restraint."  Gatewood v. Butler, 2017 U.S. Dist. LEXIS 167623, at *2, 2017 WL 4544420, at *1 (E.D. Ky. Oct. 11, 2017) (citing Carbo v. United States, 364 U.S. 611, 615 (1961), and Stone v. Powell, 428 U.S. 465, 475 n.6 (1976)).  "This common law 'Great Writ' was codified into the provisions of 28 U.S.C. § 2241."  Id. Therefore, "a petition for a writ of habeas corpus ad subjiciendum

---

[2]  Similarly, Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the judge who receives a § 2255 motion "must promptly examine it." Rules Governing § 2255 Proceedings, R. 4(b).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Id.

is the equivalent of a § 2241 petition for present purposes."
Hamric v. Warden, FCI Mendota, 2021 U.S. Dist. LEXIS 107809, at *2
n.5, 2021 WL 2325333, at *1 n.5 (S.D. Ala. May 6, 2021), report
and recommendation adopted, 2021 U.S. Dist. LEXIS 106183, 2021 WL
2323714 (S.D. Ala. June 7, 2021).

"Typically, collateral attacks on the validity of a federal
sentence must be brought under [28 U.S.C.] § 2255." Darby v. Hawk-
Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) (per curiam). However,
under the saving clause of § 2255(e),[3] a prisoner may file a
petition under § 2241 if an otherwise available remedy under §
2255 is inadequate or ineffective to test the legality of his
detention. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).
A motion to vacate under § 2255 "is inadequate or ineffective to
test the legality of a prisoner's detention only when it cannot
remedy a particular kind of claim." McCarthan v. Dir. of Goodwill
Indus.-Suncoast, Inc., 851 F.3d 1076, 1099 (11th Cir. 2017) (en

---

[3] The saving clause provides as follows:

> An application for a writ of habeas corpus in behalf of
> a prisoner who is authorized to apply for relief by
> motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed
> to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief,
> unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255(e).

banc).  If a prisoner would have been permitted to bring his claim in a § 2255 motion to vacate, the prisoner had a "meaningful opportunity to test his claim" under § 2255 and cannot proceed under § 2241.  Id. at 1086-87.  A motion to vacate under § 2255 "is not often an inadequate or ineffective remedy."  Id. at 1088. Examples of the limited circumstances in which a motion to vacate may be "inadequate or ineffective" under § 2255(e) include when the prisoner's claim concerns the execution of his sentence, because that claim is not cognizable under § 2255(a), or when the sentencing court no longer exists, because the prisoner's motion may be brought only in that nonexistent venue.  Id.  "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."  Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (per curiam). "The petitioner bears the burden of demonstrating that the § 2255 remedy was 'inadequate or ineffective to test the legality of his detention' for purposes of § 2255(e)."  Id.[4]

---

[4] Notably, "restrictions on successive § 2255 motions, standing alone, do not render [§ 2255] 'inadequate or ineffective' within the meaning of the savings clause."  Samak, 766 F.3d at 1274. Likewise, the "unavailability of a § 2255 motion because of a time limitation or procedural bar does not render § 2255 'inadequate or ineffective' within the meaning of the savings clause."  Collazo v. United States, 190 F. App'x 759, 760 n.1 (11th Cir. 2006) (per curiam).

Williams is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present here.  For example, Williams does not challenge the execution of his sentence, nor does he assert that the sentencing court is unavailable.  See Bernard v. FCC Coleman Warden, 686 F. App'x 730-31 (11th Cir. 2017) (per curiam).  Rather, in the instant petition, Williams claims the right to be released on the grounds that this Court lacked "personam & subject matter jurisdiction" over him and his criminal case, and that his conviction and sentence were imposed in violation of the United States Constitution.  (See Doc. 1); see also 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").  It is clear that Williams could have raised – and arguably did raise at least some of – the present claims in his earlier § 2255 motion.  See, e.g., Edmonson v. Garrett, 2022 U.S. Dist. LEXIS 235212, at *4-5, 2022 WL 18216080, at *2 (N.D. Ala. Dec. 14, 2022) (finding that federal prisoner's "claims that the 'jurisdiction' of the Southern

9

District of Florida is 'fatally defective,' presumably based on her contentions that she is 'not a U.S. citizen [but] is an American of Moorish descent,'" did "not fall within the scope of the saving clause"), report and recommendation adopted, 2023 U.S. Dist. LEXIS 4206, 2023 WL 149059 (N.D. Ala. Jan. 10, 2023); United States v. Austin, 2018 U.S. Dist. LEXIS 204897, at *1-2, 2018 WL 6326435, at *1 (E.D. La. Dec. 4, 2018) (where defendant alleged "that, because he is a 'Moorish American National,' 'the Court lacked Jurisdiction, therefore the Conviction, Sentence and Judgments are all unlawful and invalid," stating that "[d]espite the defendant's protestations to the contrary, his motions challenge the validity of his convictions and sentences, and he should therefore be seeking relief pursuant to 28 U.S.C. § 2255"); Frazier-el v. Bureau of Prisons, 376 F. App'x 164, 165 (3d Cir. 2010) (per curiam) (affirming district court's decision that it lacked § 2241 jurisdiction to entertain the claims of a federal inmate who challenged his sentence on the ground that, as a Sheik in the Moorish Science Temple, he was authorized to possess a firearm, and that the federal district court which tried his criminal case lacked jurisdiction to convict him).   Because Williams could have raised his claims in a § 2255 motion, the remedy under § 2255 was "adequate and effective to test the legality of his detention."   See McCarthan, 851 F.3d at 1090. Therefore, Williams is precluded from seeking habeas relief under

10

§ 2241 because § 2255(e)'s saving clause does not apply to his claims.[5]

As noted *supra*, Williams previously filed a § 2255 motion challenging the same judgment that he challenges in the instant habeas petition. Williams's § 2255 motion was denied and dismissed with prejudice on the grounds that the claims were procedurally defaulted and frivolous. When a federal prisoner has filed a previous § 2255 motion to vacate, he must apply for and receive authorization from the appropriate court of appeals before filing a second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b), 2255(h); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996) (per curiam). Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition."

---

[5] In addition, a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 "must be filed in the district where the petitioner is incarcerated." United States v. Plain, 748 F.2d 620, 621 n.3 (11th Cir. 1984); see also United States v. Hayman, 342 U.S. 205, 213 (1952) (stating that "a habeas corpus action must be brought in the district of confinement"); Padgett v. Warden, USP Atlanta, 745 F. App'x 859, 862 (11th Cir. 2018) (per curiam) ("Even if a § 2241 petition falls under § 2255(e)'s saving clause, the § 2241 petition must be filed in the 'district wherein the restraint complained of is had.' 28 U.S.C. § 2241(a). In other words, jurisdiction over a § 2241 habeas petition challenging present confinement 'lies in only one district: the district of confinement.'" Rumsfeld v. Padilla, 542 U.S. 426, 442–43 (2004)."); Garcia v. Warden, 470 F. App'x 735, 736 (11th Cir. 2012) (per curiam) (stating that "jurisdiction for § 2241 petitions lie only in the district of confinement"). Because Williams is incarcerated at a federal correctional institution in Grant Parish, Louisiana, which is located within the Western District of Louisiana, see 28 U.S.C. § 98(c), this Court lacks jurisdiction to entertain a § 2241 petition from him.

<u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). There is no indication that Williams has sought and obtained permission from the Eleventh Circuit to file a second or successive § 2255 motion.  Thus, if construed as a § 2255 motion, the instant petition would be subject to dismissal as an unauthorized second or successive § 2255 motion.[6]

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).  Here, the undersigned recommends that the Court decline to construe Williams's habeas petition as his second § 2255 motion and instead dismiss the instant habeas petition without prejudice for lack of jurisdiction,[7] for two reasons.  First, if the Court construed Williams's petition as a § 2255 motion, it would constitute an unauthorized second or successive § 2255 motion;

---

[6] Although Williams subsequently received an executive grant of clemency reducing the amount of time he has to serve in prison, the executive grant of clemency did not operate as a new judgment excusing him from having to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.  See <u>Starks v. United States</u>, 2017 U.S. Dist. LEXIS 226372, at *4, 2017 WL 11485800, at *2 (M.D. Fla. Nov. 13, 2017) (rejecting movant's argument that his § 2255 motion should not be considered second or successive because executive clemency order operated as a new judgment).

[7] A dismissal for lack of subject matter jurisdiction must be without prejudice.  See <u>Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.</u>, 524 F.3d 1229, 1235 (11th Cir. 2008) (per curiam).

thus, the instant petition is subject to dismissal for lack of jurisdiction regardless of whether it is construed as a § 2255 motion or a § 2241 petition.  Second, construing Williams's doomed petition as a § 2255 motion would be inefficient, since it would require that the petition be docketed in Williams's criminal case and transferred to the District Judge assigned to that case prior to disposition.

Rule 12(h)(3) of the Federal Rules of Civil Procedures provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Since Williams cannot avail himself of the saving clause of § 2255(e), the Court lacks jurisdiction over his petition for writ of habeas corpus, and this habeas action is due to be dismissed without prejudice.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is recommended that Williams's habeas petition (Doc. 1) and this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  <u>See</u> 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **23rd** day of **February, 2026.**

                    /s/ SONJA F. BIVINS
                **UNITED STATES MAGISTRATE JUDGE**

14